**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4400**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

ANDREW DOUGLAS DALZELL,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.　Martin K. Reidinger,
District Judge.　(1:09-cr-00008-MR-1)

_____

Argued: October 25, 2011　　　　Decided: November 23, 2011

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**ARGUED:** Charles Robinson Brewer, Asheville, North Carolina, for
Appellant.　Amy Elizabeth Ray, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.　**ON BRIEF:**
Anne M. Tompkins, United States Attorney, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Douglas Dalzell pled guilty, pursuant to a written plea agreement, to coercion and enticement, in violation of 18 U.S.C. § 2422(b) (2006). The district court sentenced Dalzell to 320 months in prison, and he filed a timely notice of appeal, challenging the reasonableness of his sentence and claiming ineffective assistance of counsel. The Government has sought dismissal of the appeal, asserting that Dalzell validly waived his right to appeal as a part of the plea agreement. We agree with the Government, and thus we affirm in part and dismiss in part.

I.

As the facts underlying Dalzell's conviction are not relevant to the issues, we dispense with any description of his underlying conduct.

Dalzell's plea agreement provided as follows, in part:

Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct. Defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed and Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above.

J.A. 14. At his Rule 11 plea hearing, Dalzell stated that he had reviewed the indictment and the plea agreement with his lawyer.

2

The court identified the charge and set out the elements of the offense. Dalzell informed the court that he was pleading guilty to the offense and that he understood each element of the offense. The court identified the various trial rights that he would waive; Dalzell informed the court that he understood. Dalzell stated that he was guilty and that his plea was voluntary and not the result of coercion, threats, or promises, other than those promises set out in the written plea agreement.

The Assistant United States Attorney ("AUSA") summarized the terms of the plea agreement, including the waiver of appeal provision, stating, "Finally, the defendant waives all rights to contest the conviction, except for, one, claims of ineffective assistance of counsel, and, two, prosecutorial misconduct." Id. at 34. Dalzell confirmed that he understood and agreed with the terms as the AUSA explained them. The court also specifically asked about the appeal waiver:

> Have you discussed your right to appeal with [your attorney], and do you understand that the plea agreement in this case provides that you may not appeal your conviction, or sentence or contest the same in a post-conviction proceeding unless it is on the grounds of, one, prosecutorial misconduct, or two, ineffective assistance of counsel?

Id. at 34-35. Dalzell confirmed his understanding of the waiver provision. The court followed up, "Do you knowingly and willingly accept these limitations on your right to appeal and

3

to file post-conviction proceedings?" Id. at 35. Dalzell again confirmed his understanding of the waiver provision.

Thereafter, defense counsel confirmed that she had reviewed each section of the plea agreement terms with Dalzell and that she was satisfied that he understood those terms. Dalzell again confirmed that he understood the entire proceeding and that he wanted the court to accept his guilty plea. The court found that Dalzell's plea was knowing and voluntary and that he understood the charges, potential penalties and consequences, and thus accepted the guilty plea.

A written "Rule 11 Inquiry and Order of Acceptance of Plea" was completed, in which Dalzell answered "yes" in response to the following inquiry:

> Have you discussed your right to appeal with your attorney, and do you understand the plea agreement in this case provides that you may not appeal your conviction or sentence or contest the same in a post-conviction proceeding unless it is on the grounds of prosecutorial misconduct or ineffective assistance of counsel?

Id. at 45.

## II.

### A.

Prior to sentencing, a presentence report ("PSR") was prepared. Paragraphs 44 and 45 of the PSR documented Dalzell's confession to a 1997 murder. Although Dalzell had been indicted for the murder, he had not been convicted of that offense; a

4

North Carolina state trial judge had suppressed the confession, finding that the police had violated Dalzell's Miranda rights and that the confession was involuntary. Consequently, Dalzell's PSR in the case at bar assigned no criminal history points for the murder charge.

Defense counsel filed a sentencing memorandum, arguing that the paragraphs describing the suppressed confession should be stricken from the PSR and given no consideration by the district court because the confession was involuntary. The Government responded that information concerning the confession was properly included in the PSR because, contrary to the findings and conclusions of the state trial judge in the homicide prosecution, the confession was voluntary. The Government included the state court's order of suppression as an attachment to its submission, and the Government asserted that it was content to have the district court rely on some of the state court's findings of fact instead of relitigating the issue of the voluntariness of the confession in an evidentiary hearing. Although Dalzell's counsel did not insist upon (or even request) an evidentiary hearing, she did make clear her objection to the district court's consideration of the confession.

In any event, as calculated in the final PSR, Dalzell's total offense level was 37 and his criminal history category was II, yielding a sentencing range of 235 to 293 months.

At the sentencing hearing, the court overruled Dalzell's objection to the inclusion of paragraphs 44 and 45, related to the confession, and the court accepted the PSR as written, except for a provision not relevant here. The Government timely moved for an upward departure under U.S.S.G. § 4A1.3 or a variance based on an alleged inadequate criminal history score. That is, the Government argued that the district court should factor into its sentencing calculus the unadjudicated murder charge.

The district court found, after hearing argument, that Dalzell's criminal history score underrepresented his criminal history and that the confession could be considered under § 4A1.3 because (contrary to the state court finding) it was voluntary and thus reliable. Accordingly, the court assigned three points to Dalzell's criminal history score, i.e., the points he would have received had he been convicted of the murder. The court concluded that Dalzell's final criminal history category was III, providing an advisory Guidelines range of 262 to 327 months. The court sentenced Dalzell to 320 months.

As mentioned, no sworn testimony was taken from Dalzell or anyone else at sentencing. A transcript of the evidentiary hearing before the state court was offered to the district court by Dalzell, but the parties agree that the district court did

not review the transcript before it imposed the sentence. The district court adopted some of the state court's findings of fact, those proposed by the Government, and made an independent determination that the confession was voluntary. J.A. 110-15, 146.

III.

In challenging his sentence as procedurally unreasonable, Dalzell asserts on appeal that the district court erred in relying on his murder confession and in assessing three additional criminal history points as a result, and that the error falls outside the scope of his waiver. We disagree.

The issue of whether a defendant has validly waived his right to appeal in a plea agreement is a matter of law this court reviews de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). A defendant is precluded from raising an issue on appeal if there is a valid waiver and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

A defendant may effectively waive his appellate rights if the waiver is knowing and intelligent. Manigan, 592 F.3d at 627. In making this determination, we examine the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the terms of the plea agreement, as well as whether the waiver is "unambiguous"

7

and "plainly embodied" in the plea agreement and whether the district court sufficiently explained the waiver during the Rule 11 colloquy. United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Here, Dalzell knowingly and voluntarily waived his right to appeal his sentence. Dalzell was thirty-two years old and had completed his G.E.D. The waiver provision was clearly set forth in a separate paragraph of the plea agreement, which Dalzell signed. At the plea colloquy, the AUSA set out the terms of the waiver, and the court specifically inquired into the waiver. Dalzell stated that he understood the terms of the agreement.

On its face, Dalzell's challenge to the district court's consideration of the murder confession falls within the scope of his appellate waiver. The plain language of the waiver covers "all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed." J.A. 14. The waiver expressly excludes only claims of ineffective assistance of counsel and prosecutorial misconduct. Dalzell's contention that the ineffective assistance of counsel reservation supports his right to appeal here, particularly because the district court addressed the issue at sentencing, Appellant's Br. at 25-26, is unpersuasive. His sentencing challenge is independent from his claim of ineffective assistance of counsel.

8

Moreover, even if we were to consider the contention Dalzell raises in his reply brief, see Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that a claim not properly raised in an appellant's opening brief is abandoned), that the prosecutor's argument that the constitutionally defective confession should be included in the PSR and form the basis of an enhanced sentence constitutes prosecutorial misconduct, Appellant's Reply Br. at 14-15, we are unpersuaded. The record fails to show that the prosecutor's remarks and conduct were improper and "prejudiced the defendant to such an extent as to deprive the defendant of a fair [sentencing determination]." United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Indeed, Dalzell agreed as a part of the plea agreement that either party may seek a departure, precluding him from arguing that doing so constitutes misconduct. Nor does Dalzell's challenge fall within the narrow class of cases we have recognized as outside the scope of appellate waivers: challenges to a sentence based on a constitutionally impermissible factor such as race or imposed in excess of the statutory maximum, or "on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

We have held that state court rulings on motions to suppress evidence ordinarily do not bind federal prosecutors, United States v. Safari, 849 F.2d 891, 893 (4th Cir.), cert. denied, 488 U.S. 945 (1988) (citing with approval United States v. Mejias, 552 F.2d 435 (2d Cir.), cert. denied, 434 U.S. 847 (1977)), and there is nothing in the record before us to take this case out of the category of "ordinary." To be sure, particularly with respect to challenged confessions, the better practice in such circumstances is for the district court to conduct an evidentiary hearing in the subsequent federal prosecution, and then to set out clear findings and conclusions supporting its basis for reaching a legal conclusion on the reliability of the confession, particularly when, as here, the federal district court's conclusion is directly contrary to that of the state court.

Thus, caution must be the watchword. Although a sentencing court may consider relevant information without regard to its admissibility under the Federal Rules of Evidence, provided the evidence has "sufficient indicia of reliability to support its probable accuracy," U.S.S.G. § 6A1.3(a), p.s., there are constitutional limitations on the scope of information a court may consider. We have emphasized that Supreme Court precedents "recognize a due process right to be sentenced only on information which is accurate." United States v. Lee, 540 F.2d

10

1205, 1211 (4th Cir. 1976) (citing United States v. Tucker, 404 U.S. 443 (1972); William v. New York, 337 U.S. 241 (1949); Townsend v. Burke, 334 U.S. 736 (1948)); see also Roberts v. United States, 445 U.S. 552, 556 (1980) ("We have . . . sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.'"); United States v. Williams, 668 F.2d 1064, 1072 (9th Cir. 1981) ("Where . . . the trial judge relies on materially false or unreliable information, there is a violation of defendant's due process rights."). Indeed, in United States v. Nichols, 438 F.3d 437 (4th Cir. 2006), we suggested that where law enforcement has coerced statements or where statements are otherwise involuntary, the statements may be so unreliable as to preclude their consideration at sentencing. 438 F.3d at 443-44 ("[W]e conclude that in cases such as this one--where there is no evidence that an illegally obtained statement was actually coerced or otherwise involuntary--the substantial burden on the sentencing process resulting from exclusion of that statement outweighs any countervailing concerns about police deterrence or unreliable evidence."). Thus, where a district court has depended upon unreliable, coerced or otherwise involuntary, statements, there may lurk a constitutional issue beyond the scope of an appellate waiver. Reliance on an allegedly unreliable confession does not, however, fall within the

11

previously recognized issues that fall outside the scope of an appellate waiver, and we decline to adopt a new exception here.

Dalzell's challenge to the district court's procedural decisions in determining whether the confession was reliable-- i.e., not holding an independent evidentiary hearing in the absence of a request, not considering the transcript from the underlying state court suppression hearing, and adopting some, but not all, of the state court's factual findings--appears to have some bite. Nevertheless, our careful review of the record, informed by the cogency of counsels' presentations at oral argument, satisfies us that the issue presented on appeal is foreclosed by Dalzell's valid appeal waiver.

IV.

Dalzell also contends that defense counsel was ineffective. Unless counsel's ineffectiveness conclusively appears on the face of the record, this issue should be raised, if at all, in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because we find no conclusive evidence of ineffectiveness on the face of the record, we decline to address the merits of this claim.

V.

For the reasons set forth, we affirm in part and dismiss in part.

AFFIRMED IN PART AND
DISMISSED IN PART